# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SAM CAREY LUMBER COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HOGAN ARCHITECTURAL WOOD ) <br> PRODUCTS, LLC, et al., ) <br> ) <br> Defendants. ) | No. 2:19-cv-02646-TLP-cgc <br><br> JURY DEMAND |

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND DENYING DEFENDANTS' MOTIONS TO DISMISS

Plaintiff Sam Carey Lumber Company moves for leave to amend its complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure. (ECF No. 25.) Defendants, Johnnie Hogan, William Hogan, Jackie Rome oppose Plaintiff's motion to amend to add allegations, arguing that amending the complaint would be unfair because it amounts to "'moving the goalposts' in the middle of a Rule 12(b) personal jurisdiction dispute." (ECF No. 29 at PageID 146.) But Defendants do not oppose an amendment to correct technical deficiencies. (ECF No. 29 at PageID 146.) For the reasons below, the Court **GRANTS** Plaintiff's motion for leave to amend its complaint (ECF No.25), and accordingly, **DENIES WITHOUT PREJUDICE AS MOOT** Defendants' motions to dismiss (ECF Nos. 14 & 24).

## ANALYSIS

Courts should "freely give leave [to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord McCray v. Carter*, 571 F. App'x 392, 399 (6th Cir. 2014). Plaintiff filed it's motion before the Court held a scheduling conference and before the Court set any deadlines for amending pleadings. (ECF No. 25.) The stated purpose of Plaintiff's motion to amend is to clarify the issues raised by Defendants' motion to dismiss. (ECF No. 25 at PageID 97.) And because Plaintiff filed this motion in the early stages of this litigation, the Court does not find undue delay, bad faith, or dilatory motive to be present.

As previously stated, a court may deny a plaintiff leave to amend if the amendment would be futile. *See Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). But Defendants' response in opposition does not claim that Plaintiff's proposed amended complaint would be futile. (ECF No. 29.) Instead, Defendants' arguments "focus[] solely on the original Complaint . . . ." And the Court is unwilling to take up such argument sua sponte. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, the Court **GRANTS** Plaintiff's motion for leave to amend its complaint.

The amended complaint supersedes Plaintiff's original complaint. *B & H Medical, LLC v. ABP Admin., Inc.*, 526 F.3d 257, 268 (6th Cir. 2008). In light of this order, this Court **DENIES WITHOUT PREJUDICE AS MOOT** Defendants Johnnie Hogan, William Hogan, andJackie Rome's motions to dismiss for lack of personal jurisdiction, lack of subject matter jurisdiction, and improper venue. (ECF Nos. 14 & 24.) If Defendants seek to dismiss Plaintiff's claims despite the amended complaint, they can so move again and the Court will consider it then.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's motion to amend its complaint. (ECF No. 25.) And accordingly, the Court **DENIES WITHOUT PREJUDICE AS MOOT** Defendants' motions to dismiss Plaintiff's complaint for lack of personal jurisdiction, lack of subject matter jurisdiction, and improper venue. (ECF Nos. 14 & 24.) Moreover, because the Court grants Plaintiff's motion to amend and denies as moot Defendants' motions to dismiss, the Court also **DENIES WITHOUT PREJUDICE AS MOOT** Plaintiff's motion to strike the affidavit of Johnnie Hogan. (ECF No. 35.)

**SO ORDERED**, this 20th day of December, 2019.

  s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE